# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

ROBIN JONES, in his individual
capacity; and ROSEMARY
QUESENBERRY, in her individual
capacity,

              Appellants,

      v.

THE RENTON SCHOOL DISTRICT
NO. 403, a Washington municipal
corporation,

              Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 73738-4-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: May 9, 2016

TRICKEY, J. — Robin Jones and Rosemary Quesenberry appeal the order dismissing their suit challenging the decision by the Renton School District No. 403 to sell certain real property. Because the District is generally authorized to sell real property under RCW 28A.335.120, and because the District's failure to comply with the statutory notice requirements did not contravene the statute's underlying policy, we affirm.

## FACTS

The material facts are undisputed. The District owns approximately 21 acres of undeveloped land near the Tiffany Park Elementary School in the city of Renton. It acquired this land (the Tiffany Park parcel) in 1973 with the intent to construct a school.

In 2012, the District proposed the sale of the Tiffany Park parcel. It published a notice stating its intention to sell the property and designating a date for a public hearing. The District held the public hearing on November 27, 2012.

At the hearing, the District heard testimony from several members of the public, including Jones, who owns property adjacent to the Tiffany Park parcel. Jones expressed objections to the sale.

Following this hearing, the District's board of directors held a meeting. After considering the evidence and testimony presented at the public hearing, the board adopted a resolution authorizing the District to proceed with the sale.

On May 22, 2013, the District entered into a purchase and sale agreement with a private entity that plans to build housing on the property.

The District later discovered a procedural error in its notice. Instead of publishing the notice for two consecutive weeks "in a legal newspaper with a general circulation in the area in which the school district is located" as required by RCW 28A.335.120(2), the District had published the notice for one week in a Renton area newspaper and one week in a Snoqualmie area newspaper.

The District decided to publish a second notice and hold a supplemental public hearing. It published the second notice for two consecutive weeks in a Renton area newspaper. It held the supplemental public hearing on October 29, 2014. At this hearing, the District again heard testimony from members of the public regarding the proposed sale. Jones' attorney appeared at the hearing and expressed objections on Jones' behalf.

Following the supplemental public hearing, the board held another meeting. After considering the evidence and testimony presented at the supplemental public hearing, the board voted to confirm the resolution authorizing the sale of the Tiffany Park parcel.

2

In December 2014, Jones commenced this action against the District. He requested a declaratory ruling that the District did not comply with RCW 28A.335.120 before it entered into the May 22, 2013 purchase and sale agreement, and thus, the sale was invalid. He also requested a writ prohibiting the sale.

In May 2015, the board approved an amendment to the purchase and sale agreement, allowing additional time for the sale to close. The sale has not yet closed and is contingent upon resolution of this litigation.

That same month, Jones moved to add Quesenberry as a plaintiff. Quesenberry also owns land adjacent to the Tiffany Park parcel and objects to the sale. The trial court granted this motion.

Thereafter, the District moved for summary judgment. In June 2015, the trial court heard argument on the matter. The court concluded that although there had not been "full compliance with all of the technical requirements of RCW 28A.335.120," the purchase and sale agreement was not void.[1] Accordingly, it granted the District's motion and dismissed the case. Jones and Quesenberry subsequently moved for reconsideration, which the court denied.

Jones and Quesenberry appeal.

ANALYSIS

Jones and Quesenberry argue that the trial court erred in dismissing on summary judgment their declaratory judgment action challenging the District's proposed sale of the Tiffany Park parcel. They contend that the District's failure to

---

[1] Clerk's Papers at 313.

3

follow the procedural notice requirements of RCW 28A.335.120(2), and its failure to satisfy the underlying policy of the statute, renders the purchase and sale agreement ultra vires and unenforceable. We disagree.

"This court reviews summary judgment de novo." Lane v. Port of Seattle, 178 Wn. App. 110, 117, 316 P.3d 1070 (2013), review denied, 180 Wn.2d 1004, 321 P.3d 1207 (2014). Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56(c).

"The construction of statutes is [also] a question of law reviewed de novo." Lane, 178 Wn. App. at 117. "Our purpose when interpreting a statute is to determine and enforce the intent of the legislature." Rental Housing Ass'n of Puget Sound v. City of Des Moines, 165 Wn.2d 525, 536, 199 P.3d 393 (2009). We first look to the statute's plain language. State v. Armendariz, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). If the statute's meaning is plain on its face, the inquiry ends. Armendariz, 160 Wn.2d at 110.

In South Tacoma Way, LLC v. State, the Supreme Court recognized a distinction between government acts that are "ultra vires" and acts that suffer from "some procedural irregularity." 169 Wn.2d 118, 122-23, 233 P.3d 871 (2010). "Ultra vires acts are those performed with no legal authority and are characterized as void on the basis that no power to act existed, even where proper procedural requirements are followed. Ultra vires acts cannot be validated by later ratification or events." 169 Wn.2d at 123. "Conversely, acts done without strict procedural or statutory compliance are subject to different review. Those acts may or may not

4

be set aside depending on the circumstances involved." 169 Wn.2d at 123.

In South Tacoma Way, the Washington State Department of Transportation sold surplus property to an abutting landowner. At the time of the sale, several private individuals owned property that abutted the land. By mistake, no notice was given to the other abutting property owners. Consequently, the Department followed a statutory procedure for the sale of property to a single interested party, rather than the procedure applicable when multiple landowners abut a property. 169 Wn.2d at 120-21. Following the sale, one of the other abutting property owners sued to have the sale declared void. 169 Wn.2d at 121.

The Supreme Court rejected this claim. It held that because the State was generally authorized to sell surplus property, the sale was not ultra vires. 169 Wn.2d at 123. The court then stated the issue was "whether failure to follow procedural requirements renders the contract or sale void." 169 Wn.2d at 123. Noting that the State committed no substantive statutory violation, and that the procedural failure did not contravene the policy underlying the statute—to prevent fraud and collusion, the court concluded that the State's violation of the statutory procedures did not render the contract automatically illegal and unenforceable. 169 Wn.2d at 124.

This court reached a similar conclusion in Lane v. Port of Seattle, 178 Wn. App. 110. In Lane, taxpayers brought a declaratory judgment action seeking to invalidate the Port's purchase of a rail corridor. 178 Wn. App. at 116. They argued that the Port's acquisition was ultra vires, because the port commission failed to comply with the statutory requirement for a formal resolution prior to the purchase.

Instead, the port commission adopted the formal resolution *after* the purchase closed. 178 Wn. App. at 123.

Relying on South Tacoma Way, this court rejected the taxpayers' argument. It explained that the Port was "generally authorized" to act on real estate purchases and had specific authority to acquire a rail line. 178 Wn. App. at 124 (internal quotation marks omitted). Additionally, the Port acted in accordance with the underlying policy of the statute. "The statutory requirement for a formal resolution by the port commission is intended to ensure careful deliberation about whether a proposed acquisition of rail facilities outside the district is genuinely necessary to link up to an interstate rail system." 178 Wn. App. at 124. The Port acted in accordance with that policy by addressing the purchase "numerous times in public meetings" before the deal was finalized. 178 Wn. App. at 124. Accordingly, the commission's failure to adopt a formal resolution until after the transaction closed did not render the purchase ultra vires. 178 Wn. App. at 125.

Here, the District has general authority to sell real property under RCW 28A.335.120.[2] Thus, the District's act is not ultra vires. Rather, like in South Tacoma Way and Lane, the issue in this case is whether the failure to follow the procedural notice requirements of RCW 28A.335.120 renders the purchase and sale agreement unenforceable. We conclude that it does not.

RCW 28A.335.120(2) provides notice requirements governing the sale of school district property:

---

[2] RCW 28A.335.120(1) states: "The board of directors of any school district of this state may . . . (a) [s]ell for cash, at public or private sale, and convey by deed all interest of the district in or to any of the real property of the district which is no longer required for school purposes. . . ."

6

> When the board of directors of any school district proposes a sale of school district real property pursuant to this section and the value of the property exceeds seventy thousand dollars, the board shall publish a notice of its intention to sell the property. The notice shall be published at least once each week during two consecutive weeks in a legal newspaper with a general circulation in the area in which the school district is located. The notice shall describe the property to be sold and designate the place where and the day and hour when a hearing will be held. The board shall hold a public hearing upon the proposal to dispose of the school district property at the place and the day and hour fixed in the notice and admit evidence offered for and against the propriety and advisability of the proposed sale.

The legislature added this notice provision in 1979. At the same time, it eliminated a provision requiring a majority of the voters of the district to approve the sale of school district property. LAWS OF 1979, 1st Ex. Sess., ch. 16 §1.

It is undisputed that the District failed to comply with these statutory requirements when it published the first notice and held the first public hearing. The first notice did not comply with the statute because it was not published "'at least once each week during two consecutive weeks in a legal newspaper with a general circulation in the area in which the school district is located.'"[3] Instead, it was published for only one week in a legal newspaper with a general circulation in Renton and for one week in a legal newspaper with a general circulation in Snoqualmie.

The District argues that it later corrected this error and complied with the statute by publishing the second notice, holding the supplemental public hearing, and reconfirming the resolution authorizing the sale. Jones and Quesenberry disagree. They contend that the notice and hearing on the proposed sale must occur *before* the District enters into a binding contract to sell the property. Jones

---

[3] Br. of Resp't at 6 (quoting RCW 28A.335.120(2)).

7

and Quesenberry reject the District's assertion that a binding purchase and sale agreement is a proposed sale.

We need not determine whether the second notice and hearing complied with the requirements of RCW 28A.335.120(2). Even if we accept Jones and Quesenberry's contention that both notices and hearings failed to strictly comply with the statutory requirements, we nonetheless reject their argument that the purchase and sale agreement must be set aside.

Here, as in South Tacoma Way and Lane, the District's procedural failures did not contravene the underlying policy of the statute. The legislature adopted RCW 28A.335.120(2) to replace the public vote. The purpose of this statute is to provide an opportunity for community members to be heard about the proposed sale and for the District to admit and consider evidence offered for and against the propriety and advisability of the proposed sale.

Notwithstanding the District's technical violations of the statute, the District twice notified the community about the proposed sale and presented the community with an opportunity to voice concerns about the sale. The District admitted evidence from community members at the first public hearing and again at the supplemental public hearing. The board twice considered the evidence and weighed the propriety and advisability of the sale. Under these circumstances, we conclude that the District's violation of the statute does not render the purchase and sale agreement unenforceable.

In its response brief, the District argues that Jones and Quesenberry lack standing. Because we can affirm on the merits, we do not address this issue.

The District also argues that we should dismiss this case as frivolous, and it requests sanctions and compensatory damages pursuant to RAP 18.9(a). Because this case presents debatable issues about the District's compliance with Washington law and the validity of a sale of property, we reject these arguments and deny the District's request for attorney fees.

Affirmed.

Trickey, ACJ

WE CONCUR:

Spearman, J.                    Leach, J.